UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-522 |
| | § | |
| ROBERT TREVINO | § | |

## ORDER

Defendant Robert Trevino (Trevino) filed a motion to run his federal sentence for possession of child pornography concurrently with his more recent state sentence for robbery. D.E. 23. Trevino's motion is denied for the reasons stated below.

Trevino was arrested in 2013 on an outstanding warrant for aggravated robbery by an agent for the Texas Department of Public Safety—Criminal Investigation Division. During the arrest, the agent searched Trevino's cell phone and discovered images of a minor performing oral sex on Trevino. D.E. 16, ¶ 4. A total of 483 pornographic images of a minor, later determined to be a 15-year-old girl, were found on his cell phone(s). Trevino ultimately pled guilty to possession of child pornography.[1] *Id.*, ¶¶ 1-2. The Court sentenced Trevino to 75 months in the Bureau of Prisons (BOP), followed by 5 years of supervised release. D.E. 21. The judgment is silent regarding Trevino's prospective state sentences. *See Id*.

Trevino states that after sentencing, he was returned to state court and sentenced to two years in the Texas Department of Criminal Justice beginning in December 2013,

---

[1]. Trevino was also charged with sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and 2251(e), which carried a minimum statutory sentence of 15 years.

which he must serve before he is released to the BOP to serve his federal sentence. He asks the Court to order his federal sentence to be served concurrently with his state sentence.

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *Hunter v. Tamez*, 622 F.3d 427 (5th Cir. 2010); 18 U.S.C. § 3584(a). Although a federal court has discretion to permit the concurrent running of a yet-to-be imposed state sentence, the court must include an express statement in the federal judgment, otherwise there is a presumption that the sentences run consecutively. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000) ("district court may order that a federal sentence run concurrent with a forthcoming state sentence"). Because the federal court judgment is silent, Trevino's federal sentence runs consecutively to his state court sentence(s).

Trevino's motion for concurrent sentences (D.E. 22) is therefore **DENIED**.

ORDERED this 17th day of December, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE